# RED LAKE BAND OF CHIPPEWA INDIANS v. STATE AND ANOTHER.

248 N. W. 2d 722.

December 10, 1976—No. 45592.

*Warren Spannaus*, Attorney General, *Eric B. Schultz*, Deputy Attorney General, and *Thomas H. Jensen*, Special Assistant Attorney General, for appellants.

*Edwards, Edwards & Bodin* and *Rodney J. Edwards*, for respondent.

Considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

The State of Minnesota and its commissioner of public safety appeal from a declaratory judgment and permanent injunction

issued November 21, 1974. The district court found that plaintiff, Red Lake Band of Chippewa Indians, was a "state" or "territory and possession of the United States" as those terms are used in Minn. St. 168.012, subd. 8; 168.181, subd. 1; and 168.187, subd. 1. The district court consequently found that the Red Lake Band was entitled to exemption from Minnesota's motor vehicle registration statute (Minn. St. c. 168) and that the Red Lake Band additionally was entitled to reciprocity recognition of vehicle registrations pursuant to §§ 168.181, subd. 1, and 168.187, subd. 1. For the reasons stated in this opinion, we affirm.

In January 1974, the Tribal Council of the Red Lake Band of Chippewa Indians enacted a motor vehicle registration and licensing ordinance. The Red Lake Band requested that the commissioner of public safety and the State of Minnesota recognize the validity of these registration and licensing procedures by extending reciprocity recognition to them and by granting exemptions from state motor vehicle registration and license plate fee requirements to Red Lake Band members who were registered under the Red Lake Band ordinance. The state refused and informed the band that members who drove on roads outside the Red Lake Indian Reservation in vehicles without Minnesota vehicle registrations and license plates would be subject to arrest. The Red Lake Band then sought judicial relief. A temporary restraining order prohibiting the threatened arrests was entered March 1, 1974, by the district court. A hearing on the merits of the band's action for injunctive and declaratory relief was held on March 7, 1974. On November 20, 1974, the court issued the order for declaratory judgment and permanent injunction. We affirm the order and the judgment entered accordingly for these reasons:

(1) The adoption of a motor vehicle registration ordinance by the Tribal Council of the Red Lake Band of Chippewa Indians in 1974 was an appropriate exercise of its unique powers of self-government.

(2) The State of Minnesota is obligated to afford to the gov-

erning authorities of the Red Lake Indian Reservation the same privileges it grants to other comparable governing entities (a) if to do otherwise would significantly dilute the effectiveness of the governmental authority exercised, and (b) if there are no considerations of a substantial character which would justify or require denial of such equal treatment by the State of Minnesota.

(3) Minnesota has, by enacting Minn. St. 168.181 and 168.187, authorized designated state representatives to enter into agreements exempting from the payment of motor vehicle taxes or fees the residents of other states, the District of Columbia, territories and possessions of the United States, and foreign countries or provinces which enter into reciprocal agreements with this state to extend similar exemptions to residents of this state. The legislature has declared that it is the policy of this state to promote and encourage the fullest possible use of its highway system by authorizing the making of agreements, arrangements, and declarations with other jurisdictions, for reciprocal recognition of vehicle registration.

(4) To grant the privileges contemplated by these statutes to the residents of the governmental entities listed in the relevant statutes and to deny equal treatment to the residents of the Red Lake Indian Reservation would be to significantly dilute the effectiveness of the governing authority of the Tribal Council. The result of doing so would be to make the motor vehicle registration licenses issued by it less worthy of recognition than comparable licenses issued by such comparable jurisdictions as the District of Columbia, the State of Wisconsin, and the Province of Ontario in the Dominion of Canada.

(5) The record in this case fails to establish the existence of conditions of a substantial character which would justify or require the disparity of treatment which results if the State of Minnesota requires that vehicles owned by residents of the Red Lake Indian Reservation pay more than one full registration fee per annum, while exempting residents of comparable jurisdic-

tions from doing so. On the contrary, the facts suggest that the economic and social development and growth of the State of Minnesota will be furthered if the exemption is granted.

■ The motor vehicle registration license ordinance adopted by the Red Lake Band on January 16, 1974, and approved by the Secretary of the Interior on March 5, 1974, imposes a substantial annual registration fee on all motor vehicles using the public streets or highways of the Red Lake reservation; provides for the issuance of certificates of title to the owners of registered vehicles; requires the maintenance of records of license applications and certificates of title; establishes procedures for the recording of transfers and the proving of security interests; and prescribes the form of registration plates and the manner of their display. This ordinance approved by the Secretary of the Interior is an appropriate exercise of governmental authority vested in the Tribal Council of the Red Lake Band. The state does not contend otherwise.

The status of the Red Lake Band of Chippewa Indians is unique.[1] In Commissioner of Taxation v. Brun, 286 Minn. 43, 174 N. W. 2d 120 (1970), where the decisions of the Minnesota Supreme Court and of the United States Supreme Court bearing on the question are reviewed, we said (286 Minn. 44, 47, 174 N. W. 2d 121, 123):

"The Red Lake Band of Chippewa Indians is an American Indian tribe located on the Red Lake Reservation within the boundaries of the State of Minnesota. The band has self-government under their current revised constitution and bylaws ap-

---

[1] See, In re Settlement of Beaulieu, 264 Minn. 406, 119 N. W. 2d 25 (1963); State v. Lussier, 269 Minn. 176, 130 N. W. 2d 484 (1964); Sigana v. Bailey, 282 Minn. 367, 164 N. W. 2d 886 (1969); Note, 39 Minn. L. Rev. 853. See, also, Worcester v. Georgia, 31 U. S. (6 Pet.) 515, 8 L. ed. 483 (1832); Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 46 L. ed. 954 (1902); Cohen, Handbook of Federal Indian Law, p. 122 (1942); United States v. Kagama, 118 U. S. 375, 6 S. Ct. 1109, 30 L. ed. 228 (1886); McClanahan v. Arizona, 411 U. S. 164, 93 S. Ct. 1257, 36 L. ed. 2d 129 (1973).

proved November 10, 1958. Under the constitution and bylaws the jurisdiction of the Red Lake Band extends to all lands of the reservation within the state. The governing body of the tribe is composed of the elected representatives of the Tribal Council.

\* \* \* \* \*

"\* \* \* It is enough to say that the Federal government has not granted to the state civil or criminal jurisdiction over members of this tribe. As we have frequently said, when Congress enacted Public Law 280 (67 Stat. 588, 18 USCA, § 1162, and 28 USCA, § 1360) in 1953, which conferred on the state civil and criminal jurisdiction over other Indians in the state, it expressly excepted the Red Lake Reservation. \* \* \*

\* \* \* \* \*

*"The question, then, in cases involving assertion of a right by the state against members of the Red Lake Band is whether the action of the state will undermine the tribe's right of self-government."* (Italics supplied.)

In Iron Crow v. Oglala Sioux Tribe of Pine Ridge Res. 231 F. 2d 89, 92 (8 Cir. 1956), the United States Court of Appeals reviewed the United States Supreme Court decisions and concluded:

"\* \* \* It would seem clear that the Constitution, as construed by the Supreme Court, acknowledges the paramount authority of the United States with regard to Indian tribes but recognizes the existence of Indian tribes as *quasi* sovereign entities *possessing all the inherent rights of sovereignty excepting where restrictions have been placed thereon by the United States itself."* (Italics supplied in part.)

In his Handbook of Federal Indian Law, Felix S. Cohen says (p. 122):

"\* \* \* Each Indian tribe begins its relationship with the Federal Government as a sovereign power, recognized as such in treaty and legislation. The powers of sovereignty have been

limited from time to time by special treaties and laws designed to take from the Indian tribes control of matters which, in the judgment of Congress, these tribes could no longer be safely permitted to handle. The statutes of Congress, then, must be examined to determine the limitations of tribal sovereignty rather than to determine its sources or its positive content. What is not expressly limited remains within the domain of tribal sovereignty."

■ Two principles of law to be derived from the decisions of the United States Supreme Court and the Supreme Court of the State of Minnesota are accepted by the parties: First, the State of Minnesota has no authority to govern the affairs of persons *within* the territorial boundaries of the Red Lake reservation except as specifically authorized to do so by Congress. No such authorization exists with respect to the licensing of motor vehicles within the reservation.[2]

Second, the State of Minnesota does have authority to require that persons subject to the jurisdiction of the Red Lake Band submit to the governing authority of the State of Minnesota with respect to activities occurring within the territorial limits of Minnesota and *without* the territorial boundaries of the reservation.[3]

To these accepted principles we believe that continued maintenance of good relations between the State of Minnesota and the Red Lake Band requires a recognition of a third principle not previously articulated in our decisions: Apart from the requirements of the Federal Constitution, the State of Minnesota, as

[2] See, Commissioner of Taxation v. Brun, 286 Minn. 43, 174 N. W. 2d 120 (1970); Sigana v. Bailey, *supra*; State v. Lussier, *supra*; In re Settlement of Beaulieu, *supra*; Bryan v. Itasca County, 426 U. S. 373, 96 S. Ct. 2102, 48 L. ed. 2d 710 (1976), reversing 303 Minn. 395, 228 N. W. 2d 249 (1975).

[3] See, Mescalero Apache Tribe v. Jones, 411 U. S. 145, 93 S. Ct. 1267, 36 L. ed. 2d 114 (1973); Voorhees v. Spencer, 89 Nev. 1, 504 P. 2d 1321 (1973).

a matter of state policy and with due regard for the unique status of the Red Lake Band of Chippewa Indians under the laws of the United States and of this state, should not, in the absence of some compelling state interest, impose burdens upon persons subject to the governing authority of the Red Lake Band when such burdens will undermine the effectiveness of the band's efforts to achieve effective self-government.

3. Minn. St. 168.181, subd. 1, provides:

"Notwithstanding any provision of law to the contrary or inconsistent herewith the registrar of motor vehicles with the approval of the attorney general is hereby empowered to make agreements with the duly authorized representatives of the other states, District of Columbia, territories and possessions of the United States or arrangements with foreign countries or provinces exempting the residents of such other states, districts, territories and possessions and foreign countries or provinces using the public streets and highways of this state from the payment of any or all motor vehicle taxes or fees imposed by Minnesota Statutes, Chapter 168, * * *."

Minn. St. 168.187, subd. 1, provides:

"It is the policy of this state to promote and encourage the fullest possible use of its highway system by authorizing the making of agreements, arrangements, and declarations with other jurisdictions, for reciprocal recognition of vehicle registrations and/or for proportional registration, with respect to vehicles registered in this state and such other jurisdictions, thus contributing to the economic and social development and growth of this state. It is the policy of this state to agree with other states that no vehicle shall pay more than the equivalent of one full registration fee per annum."

We assume that the legislature did not intend when it adopted Minn. St. 168.181, subd. 1, to include the Red Lake Indian Reservation within the scope of its language, although argument to

the contrary has been made.[4] We make this assumption because of the unlikelihood that the problem with which we are now confronted was ever considered one way or the other by the legislature when the statute was enacted. Had the problem been considered, more precise language would have been used.

 The motor vehicle registration ordinance adopted by the Red Lake Band will be rendered ineffective if owners of vehicles subject to its terms are required to have an additional license from the State of Minnesota as a condition for use of Minnesota's highways. Except for the symbolism involved, the motor vehicle licenses issued to the Red Lake reservation would be of little value to the registrants if the State of Minnesota were to refuse to recognize their validity beyond the territorial limitations of the reservation.

The territory now comprising the reservation consists of only 882 square miles. Roads maintained by the Red Lake Band traverse only 275 miles. The reservation is enclosed on all sides by lands which were formerly Federal territories but are now a part of Minnesota. Persons required to obtain motor vehicle licenses from the Red Lake Band pursuant to the ordinance can be expected, almost without exception, to make regular use of Minnesota's highways. It seems evident that the ordinance would not have been adopted in the first instance and cannot now effectively continue to operate if everyone, or almost everyone, subject to its provisions is required to secure a second license from the State of Minnesota. To sustain the position of the state on this appeal, as a practical matter, would be to nullify the Red Lake Band ordinance.

---

[4] Cases involving the application of statutes containing language which either exempts or includes certain governmental entities include State v. Storaasli, 180 Minn. 241, 230 N. W. 572 (1930); District of Columbia v. Carter, 409 U. S. 418, 93 S. Ct. 602, 34 L. ed. 2d 613 (1973); Vermilya-Brown Co. v. Connell, 335 U. S. 377, 69 S. Ct. 140, 93 L. ed. 76 (1948); and Mackey v. Coxe, 59 U. S. (18 How.) 100. Cf. Colliflower v. Garland, 342 F. 2d 369, 377 (9 Cir. 1965). See, also, 86 C. J. S., Territories, § 1; 72 Am. Jur. 2d, States, Territories, and Dependencies, § 131.

The denial of reciprocity for automobiles licensed by the Tribal Council of the Red Lake reservation could be approved if there were considerations of a substantial character which would justify or require treatment disparate from that accorded vehicles from other jurisdictions. Minnesota license requirements come into play only when motor vehicles are used on streets and highways admittedly subject to Minnesota's jurisdiction. But we do not find evidence of such compelling state interest in the record before us. On the contrary, Minn. St. 168.187, subd. 1, states specifically that it is the policy of this state to promote and encourage the fullest possible use of its highway system by reciprocal recognition of vehicle registrations "with other jurisdictions." The Red Lake Band ordinance provides:

"*Section 12—Exemption of nonresidents.*

"1) Any vehicle which is registered in another jurisdiction is exempt from the laws of the Red Lake Indian Reservation providing for the registration of such vehicles if:

"a) The vehicle carried a registration plate indicating the registration in such other jurisdiction; and

"b) The vehicle is owned by a nonresident of the Red Lake Indian Reservation; and

"c) The jurisdiction in which the vehicle is registered allows such vehicles when registered in the Red Lake Indian Reservation to be operated tax free upon its highways under conditions substantially as favorable to residents of the Red Lake Band as to its own residents."

In addition, the admitted facts suggest that a grant of reciprocity to the Red Lake Band is consistent with Minnesota's governmental interest: The State of Minnesota law enforcement personnel do not patrol the lands encompassing the Red Lake Indian Reservation. The Red Lake Band has its own law enforcement personnel and justice system to enforce its civil and criminal code. The 275 miles of roads on the Red Lake reservation were constructed and are maintained by the Red Lake Band with the assistance of the United States Department of the Interior,

Bureau of Indian Affairs, although 65 miles of state trunk highways running through the reservation are maintained by the state.[5] The Red Lake Band receives no payments from the State of Minnesota for maintenance and construction of roads on the reservation, nor does it share in the Minnesota motor vehicle license fees or gasoline taxes. Owners of motor vehicles registered in the State of Minnesota and elsewhere are free to use these roads maintained and constructed by the Red Lake Band, without duplicate license.

The burden on Minnesota's highways resulting from the use of motor vehicles owned by residents of the Red Lake reservation is no greater than that resulting from like use of automobiles by residents of neighboring states or residents of the Canadian provinces. The advantages of reciprocal recognition of vehicle registration by the State of Minnesota and the Red Lake Band are at least as great as the advantages of such reciprocal recognition by this state and other states, territories, possessions, and foreign countries.

Minnesota, by the adoption of Minn. St. 168.181 and 168.187, subd. 1, has declared that our state interests are best served by the recognition of the validity of automobile registration licenses issued by other "jurisdictions." Had this policy not been established and carried into effect, Minnesota would not be obligated to recognize the validity of the Red Lake Indian Reservation licenses on vehicles being driven on our public thoroughfares. But, having granted the privileges contemplated by §§ 168.181 and 168.187 to other comparable governmental entities, the denial of those privileges to the residents of the Red Lake reservation is unacceptable.

Under these circumstances, we hold that to deny to the Red Lake Band reciprocity accorded to the other jurisdictions is an

---

[5] For a discussion of jurisdiction over a cause of action arising out of an automobile accident occurring on a state-maintained highway located on the Red Lake reservation, see Sigana v. Bailey, 282 Minn. 367, 164 N. W. 2d 886.

indirect interference with the internal government of the Red Lake Band not justified on the facts disclosed by the record before us.

Affirmed.