**STATE of Minnesota, Respondent,**

v.

**Darryl Lex PORTER, Appellant.**

**No. C4–84–74.**

Court of Appeals of Minnesota.

May 29, 1984.

Jeffrey T. Wallace, Cloquet, for appellant.

Terri Hommerding, Asst. Carlton County Atty., Carlton, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Defendant, Darryl Lex Porter, appeals from a conviction for operating a vehicle with axle weight in excess of that permitted by Minn.Stat. § 169.825 and without a Class A license as required by Minn.Stat. § 171.02.

Affirmed.

## FACTS

Appellant, Darryl Porter, an employee of the Fond du Lac Reservation Business Committee, was ordered to move an excavator being used on the reservation. While moving the excavator he was cited by a Carlton County Deputy Sheriff for driving on county highways with an overweight vehicle and without a Minnesota Class A license.

Porter is an enrolled member of the Fond du Lac Indian Reservation and the offenses charged occurred within the boundaries of the reservation. Porter is a licensed and qualified driver of heavy equipment as provided by the regulations of the Fond du Lac Reservation Business Committee. Porter moved to dismiss the charges for lack of jurisdiction over the subject matter.

The motion was denied. Porter then sought an ex parte temporary restraining order to prevent further prosecution. The matter was transferred from Duluth to St. Paul and all parties appeared before the Federal District Court. The court denied defendant's motion for a temporary restraining order and cited the reluctance of federal courts to restrain state criminal prosecutions noting the unlikelihood of success on the merits. Porter was subsequently found guilty and he appeals.

## ISSUE

Do Minn.Stat. § 169.825 and § 171.02 apply to enrolled Indians residing within the Fond du Lac Indian Reservation and driving on highways located within the exterior boundaries of the reservation.

## ANALYSIS

The state of Minnesota has no jurisdiction, civil or criminal, over Indians residing in an Indian reservation absent an express grant of jurisdiction by Congress. *Sigana v. Bailey*, 282 Minn. 367, 164 N.W.2d 886 (Minn.1969). Congress has granted to the state of Minnesota jurisdiction over offenses committed by or against Indians and over civil causes of action between Indians or to which Indians are parties arising in all Indian country within the state, except the Red Lake Reservation. 18 U.S.C.A. § 1162 and 28 U.S.C.A. § 1360. Apparently, as the court points out in *Sigana*, the exclusion of the Red Lake Reservation was made out of deference to the wishes of the Red Lake Band of Chippewa Indians.

In *Red Lake Band of Chippewa Indians v. State*, 311 Minn. 241, 248 N.W.2d 722 (Minn.1976) the supreme court ruled on the applicability of motor vehicle laws to Red Lake Reservation Indians. The court again noted the unique status of the Red Lake Band and held that the state lacked authority to control vehicle registration within the territorial boundaries of the Red Lake Reservation.

We find no authority justifying the extension of *Red Lake Band of Chippewa Indians v. State* to conduct by Indians on county highways within the Fond du Lac Reservation.

## DECISION

The courts of Minnesota have jurisdiction over an action arising from a violation of Minn.Stat. §§ 169.825 and 171.02 committed by an enrolled Indian within the exterior boundaries of the Fond du Lac Indian Reservation.

Affirmed.