**Gary L. BAILEY, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C0–86–1632.**

Court of Appeals of Minnesota.

July 14, 1987.

Rodney E. Edwards, Edwards, Edwards & Bodin, Duluth, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Beverly Conerton, Sp. Asst. Atty. Gen., St. Paul, John P. Dimich, Itasca Co. Atty., Bernard L. Bodien, Asst. Co. Atty., Grand Rapids, for respondent.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

**OPINION**

LANSING, Judge.

This appeal raises the issue of whether animal pelts obtained on reservation land, but possessed off reservation land, are subject to regulation under state law. We affirm appellant's conviction for violation of the state law.

## FACTS

On July 30, 1986, a jury found Gary Bailey guilty of exceeding the pelt limit of fisher, a small furbearing animal, outside the Red Lake Reservation lands in violation of Minn.Stat. § 97.44, subds. 2 and 3 (1984),[1] and Commissioner's Order No. 2151, § 7b. Unlawful possession of protected wild animals is a gross misdemeanor. Minn.Stat. § 97.55, subd. 8 (1984). Bailey, who had previous violations of the game and fish laws, was sentenced to 90 days in jail and a $2,000 fine.

Bailey was arrested for possessing 14 untagged fisher pelts, which he sold to undercover conservation officers of the Minnesota Department of Natural Resources. It is undisputed that Bailey possessed the pelts at his home near Grand Rapids, Minnesota, which is not on Indian land. Although Bailey is not a member of the Red Lake Chippewa Band, he is of Indian descent and claimed he was permitted to trap the fisher on Red Lake ceded-restored [2] lands in Lake of the Woods County.

## ISSUE

Can appellant be convicted for violation of state laws that regulate the possession of fisher outside the boundaries of an Indian reservation?

## ANALYSIS

Minnesota law prohibits the possession of more than one fisher pelt at any time unless permission is obtained from the Commissioner of Natural Resources. *See* Commissioner's Order No. 2151, § 7b,[3] and Minn.Stat. § 97.44, subds. 2 and 3 (1984). The fisher pelt must be tagged at the trapping site by a locking tag furnished by the Commissioner of Natural Resources with the trapping license. Commissioner's Order No. 2151, § 7c; Minn.Stat. § 98.46, subd. 21 (1984). The tag must remain on the pelt during transportation. Minn.Stat. § 97.45, subd. 1 (1984). Tagging is the means by which the state ensures that animals whose acquisition is restricted can be properly identified as having been lawfully taken.

Properly tagged, reservation-trapped furs are not subject to state possession limits. Bailey's pelts, although partially and incompletely tagged, did not have tags that matched the Red Lake Fish and Game numbers. He does not claim that he obtained permission from the Commissioner to exceed the fisher pelt limitation, but contends that because the pelts were taken on Indian land, the season, limit and tagging requirements do not apply.

■ The Red Lake Chippewa Band and the land under its control is an autonomous entity geographically located within Minnesota but legally outside its jurisdiction. *Commissioner of Taxation v. Brun*, 286 Minn. 43, 46, 174 N.W.2d 120, 122 (1970); *Sigana v. Bailey*, 282 Minn. 367, 369, 164 N.W.2d 886, 888 (1969); *In re Settlement of Beaulieu*, 264 Minn. 406, 413–15, 119 N.W.2d 25, 30–31 (1963). However, the state does have authority to enforce its laws in a nondiscriminatory fashion against Indians *off* the reservation, absent specific federal law to the contrary. The U.S. Supreme Court, in *Mescalero Apache Tribe v. Jones*, described the state's authority over Indians outside the reservation:

> But tribal activities conducted outside the reservation present different considerations. "State authority over Indians

1. All statutory references to Minnesota game laws are to the 1984 codification in effect when Bailey was arrested. In 1986 the legislature recodified the game and fish laws in Minn.Stat. Chaps. 97A, 97B and 97C.

2. "Ceded-restored" land is land originally held by Indian tribes ceded to the United States Government in 1889 and returned or "restored" to the Red Lake Band's ownership in the 1930s. Although this land is outside the current boundaries of the Red Lake Reservation, it is still owned and administered by the Red Lake Band as reservation land.

3. Commissioner's Order No. 2151 sets the seasons and limits for the taking and possession of certain furbearing animals, including fisher. This order was issued in August 1983 by the Commissioner of Natural Resources pursuant to authority in Minn.Stat. §§ 97.48, subd. 1, and 100.27, subd. 3(6) (1984). Commissioner's orders have the force and effect of law. Minn. Stat. § 97.53, subd. 2 (1984).

is yet more extensive over activities * * not on any reservation." * * * Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State.

411 U.S. 145, 148–49, 93 S.Ct. 1267, 1270–71, 36 L.Ed.2d 114 (1973) (quoting *Organized Village of Kake v. Egan*, 369 U.S. 60, 75, 82 S.Ct. 562, 570, 7 L.Ed.2d 573 (1962)); *see also New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 335 n. 18, 103 S.Ct. 2378, 2387, n. 18, 76 L.Ed.2d 611 (1983); *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 144 n. 11, 100 S.Ct. 2578, 2584 n. 11, 65 L.Ed.2d 665 (1980); Felix S. Cohen, *Handbook of Federal Indian Law*, 348–49 (1982). There is no federal law that preempts the state's power to enforce its game laws against Indians *off* the Red Lake Reservation.

Bailey fails to accept the distinction between the *on*-reservation and *off*-reservation activity:

First, the State of Minnesota has no authority to govern the affairs of persons *within* the territorial boundaries of the Red Lake reservation except as specifically authorized to do so by Congress * * *.

Second, the State of Minnesota does have authority to require that persons subject to the jurisdiction of the Red Lake Band submit to the governing authority of the State of Minnesota with respect to activities occurring within the territorial limits of Minnesota and *without* the territorial boundaries of the reservation.

*Red Lake Band of Chippewa Indians v. State*, 311 Minn. 241, 247, 248 N.W.2d 722, 726 (1976) (citing *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973)).

Even when the off-reservation activity originates within reservation boundaries, state law applies to the off-reservation activity. *See State, etc. v. Red Lake DFL Committee*, 303 N.W.2d 54, 56 (Minn.1981). State law does provide a lawful means to possess protected wild animals off the reservation when the animals have been taken on the reservation. Commissioner's Order No. 1897, dated March 5, 1974, issued pursuant to authority in Minn.Stat. § 100.303 (1984), permits the off-reservation possession of pelts taken by Indians on the Red Lake Reservation if the pelts are tagged by an authorized agent of the Red Lake Band *before* they are taken off the reservation. If the pelts are not properly tagged, then they are subject to state law (in this case possession limits) as if they were trapped off the reservation. *See* Commissioner's Order No. 1897, dated March 5, 1974.

■ Although the state cannot regulate the taking of fisher by Red Lake Band members on the Red Lake Reservation, Bailey's possession of them off the reservation in violation of state possession laws is subject to the state's regulatory authority.

■ Gary Bailey also argues that a person may possess protected wild animals for five days after bringing them off a reservation before a state permit is required. He relies for this contention on Minn.Stat. § 97.44, subd. 2 (1984), which states:

*No person shall possess within this state any protected wild animal except during the open season and for five days thereafter*, without having obtained permission from the commissioner or his authorized agent so to do, in such form as the commissioner may prescribe, and when so permitted, they may be retained indefinitely, subject, however, to the exceptions contained in section 100.27, subdivision 6, and section 102.23.

(Emphasis added).

This argument was not raised at trial, and it is without merit. This statute does not pertain to Indian reservations. It addresses possession of protected wild animals during two different time periods: during the open season and the five days immediately following, and during the rest of the year. The open season for fisher in Minnesota in 1984 was December 1 to 11, inclusive. *See* Commissioner's Order No. 2151, § 7a. Even if the provision applied, it would not aid him in his defense. The five-day statutory period for possession of fisher pelts following the open season end-

ed December 16, 1984. Bailey was arrested for possessing an overlimit of fisher pelts on February 22, 1985, more than two months later.

Gary Bailey had in his possession an overlimit of fisher pelts more than five days after the end of the open season. He did not have a permit from the Commissioner, and the pelts were not tagged with Red Lake Reservation tags. The pelts were not exempt from state possession laws, and the jury conviction is affirmed.

### DECISION

Affirmed.