**SAC and FOX NATION, Plaintiff–Appellee and Cross–Appellant,**

v.

**The OKLAHOMA TAX COMMISSION, Defendant–Appellant and Cross–Appellee.**

Nos. 91–6236, 91–6237.

United States Court of Appeals, Tenth Circuit.

Oct. 6, 1993.

## ORDER ON MANDATE

BRORBY, Circuit Judge.

On remand from the Supreme Court, we further resolve whether tribal members of the Sac and Fox Nation, a federally recognized Indian tribe, are subject to income and motor vehicle taxes imposed by the State of Oklahoma. We remand this case to the district court for the limited purpose of determining residence of the relevant tribal members in accordance with the order of the Supreme Court.

In *Sac and Fox Nation v. Oklahoma Tax Comm'n*, 967 F.2d 1425 (10th Cir.1992), this court affirmed the district court's holding that Oklahoma exceeded its authority by imposing state income and motor vehicle taxes on tribal members. Following *McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973), we stated "direct state taxation of tribal property or the income of a tribal member earned solely on a reservation is presumed to be preempted, absent express congressional authorization." *Sac and Fox Nation*, 967 F.2d at 1428. Moreover, we expressly rejected Oklahoma's contention that *McClanahan* used the term "reservation" to narrowly draw the scope of tribal immunity. Indian sovereign immunity extends to formal reservations as well as allotted land validly set apart for Indian use under government supervision. *Id.* (citing *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991)). Jurisdiction of Sac and Fox Nation encompasses such lands.

Both parties appealed and the Supreme Court granted the Oklahoma Tax Commission's petition for certiorari. *Oklahoma Tax Comm'n v. Sac and Fox Nation,* — U.S. —, 113 S.Ct. 459, 121 L.Ed.2d 367 (1992). That Court concluded a State has no authority, absent express authorization from Congress, to tax the income of a tribal member derived from reservation sources, nor the personal property of a tribal member, so long as the tribal member is living on the reservation. *Oklahoma Tax Comm'n v. Sac and Fox Nation,* — U.S. —, 113 S.Ct. 1985, 124 L.Ed.2d 30 (1993). The Supreme Court expressly rejected the Commission's restrictive view of *McClanahan* and found the presumption against state taxing authority applies to all "Indian country"—formal and informal reservations, dependent Indian communities, and Indian allotments—not just formal reservations. *Id.,* — U.S. at —, 113 S.Ct. at 1991–92; *see* 18 U.S.C. § 1151.

In vacating and remanding the case, however, the Court stated the threshold question of a *McClanahan* analysis is whether relevant tribal members reside within reservation boundaries, on allotted lands, or in dependent communities. *Oklahoma Tax Comm'n v. Sac and Fox Nation,* — U.S. at —, 113 S.Ct. at 1993. The *McClanahan* presumption against State taxing authority applies only to tribal members who live on Indian country and should not be extended to tribal members who reside elsewhere. The Supreme Court did not reverse this court's affirmance of the district court's analysis of the scope of Indian Country. Instead, it remanded to this court for the limited purpose of analyzing jurisdiction of the Oklahoma Tax Commission after first determining "whether the tribal members on whom Oklahoma attempts to impose its income and motor vehicle taxes live in Indian country." *Id.*

Since the district court only had the benefit of the parties' stipulated facts when it ruled on cross-motions for summary judgment, it did not have the opportunity to make findings of fact on the issue of residency of the affected tribal members. We therefore **REMAND** this case to the district court for the limited purpose of determining residency consistent with the order of the Supreme Court.