No. 77,330

STATE OF KANSAS, *Appellee*, v. PRISCILA A. WAKOLE, *Appellant*.
(959 P.2d 882)

Opinion filed May 29, 1998.

*Robert D. Campbell*, of Charles M. Tuley Law Office, P.A., of Atchison, argued the cause and was on the briefs for appellant.

*John Michael Hale*, special assistant attorney general, argued the cause, and *M. J. Willoughby*, assistant attorney general, and *Carla J. Stovall*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

SIX, J.: This case marks another chapter in the judicial dialogue between Native Americans and the State of Kansas. The challenging issue here questions the State's failure to apply the Kansas reciprocity statute, K.S.A. 8-138a, to a vehicle licensed by the Sac and Fox Indian Nation of Oklahoma (Sac and Fox). Priscila Wakole, a Native American, was convicted for driving a vehicle in Kansas bearing Sac and Fox license plates. A deputy sheriff issued Wakole a ticket for an "illegal registration" in violation of K.S.A. 1997 Supp. 8-142. Wakole appealed, contending that her conviction was improper because the license plate was valid. The appeal was submitted on Wakole's brief alone. The State did not file a

brief. The Court of Appeals reversed. *State v. Wakole,* 24 Kan. App. 2d 397, 945 P.2d 421 (1997).

We granted the State's petition for review. See Rule 8.03 (1997 Kan. Ct. R. Annot. 52). Our order granting review directed the parties to brief the following special question: Does the State of Oklahoma recognize Sac and Fox vehicle registrations and license plates as valid for use on Oklahoma highways?

Our analysis focuses on the special question. The answer is "yes." We reverse Wakole's conviction, disapprove of the Court of Appeals' language beyond the narrow focus of this opinion, and modify the Court of Appeals' opinion accordingly. We note that neither the district court nor the Court of Appeals had the benefit of the parties' briefs and argument on the special question.

## FACTS

Priscila Wakole was arrested in 1996 for driving her brother-in-law's Chevrolet van bearing Sac and Fox license plates. (Violation of K.S.A. 1997 Supp. 8-142 is a misdemeanor. K.S.A. 8-149.) Wakole is a member of the Kickapoo Indian Nation. Her husband is a member of the Sac and Fox. She resides within Oklahoma and within the boundaries of the Sac and Fox Indian reservation. Her brother-in-law is a member of the Sac and Fox. She was not on an Indian reservation when she was arrested. The van, principally garaged within Sac and Fox jurisdiction, was properly titled, registered, and tagged under the tribal law of the Sac and Fox.

The Court of Appeals found "the only issue to resolve is whether Kansas must recognize a valid license tag issued by the Sac and Fox Indian Nation and extend the privilege of using Kansas roads to vehicles so tagged without requiring registration of those vehicles upon entering Kansas." 24 Kan. App. 2d at 398. The Court of Appeals reversed on the ground that "[t]he word 'state' in K.S.A. 8-138a is interpreted to include Indian nations." *State v. Wakole,* 24 Kan. App. 2d 397, Syl. ¶ 2.

## DISCUSSION

We begin by narrowing the inquiry. Under the facts here the question is: Does Oklahoma recognize Sac and Fox registrations

and license plates (tags) as valid for vehicle use on Oklahoma highways?

Our reversal of Wakole's conviction is based on Oklahoma's recognition of the Sac and Fox license plate on the van. Our rationale is grounded on reciprocity to a sister state under K.S.A. 8-138a. We conclude that the van was "duly licensed in the state of residence."

Both Wakole and the State disagree with our rationale. Wakole contends that there is a logical fallacy in reasoning that reciprocity can flow from Oklahoma. She criticizes the reciprocity argument because it "treats the Sac and Fox nation as a sub-entity of the State of Oklahoma, a mere subdivision, and not as the sovereign nation it is."

We believe the better view is that Sac and Fox tribe members are citizens and residents of Oklahoma, see *Goodluck v. Apache County,* 417 F. Supp. 13, 16 (D. Ariz. 1975) (citing U.S. Const., 14th Amend., § 1), *aff'd* 429 U.S. 876 (1976). If Oklahoma recognizes its citizens' license plates, we reason that the reciprocity provision of K.S.A. 8-138a requires Kansas to do so. K.S.A. 8-138a provides:

"The provisions of this section shall apply only to the nonresident owner or owners of any motor vehicle constructed and operated primarily for the transportation of the driver or the driver and one or more nonpaying passengers. Such nonresident owners, *when duly licensed in the state of residence,* are hereby granted the privilege of operation of any such vehicle within this state to the extent that reciprocal privileges are granted to residents of this state by the state of residence of such nonresident owner." (Emphasis added.)

The parties do not cite any Oklahoma statute directly recognizing license plates issued by a tribe or an Indian Nation to individual tribal members. Our independent research reveals none. However, we have located legislation dealing with Oklahoma-issued special license plates for Native American Tribal Associations. Okla. Stat. tit. 47, § 1136, (1998 Supp.) (Motor Vehicles) provides:

"12. Indian Tribal License Plates — such plates shall be designed for any vehicle of a native American Indian Tribal Association exempted in Sections 201 through 204 of Public Law 97-473 and used by the tribal association exclusively for the

furtherance of its tribal functions. The registration fee shall be Five Dollars ($5.00)." (We do not suggest this statute applies to the van Wakole was driving).

Wakole includes in her brief addressing the special question a notice and correspondence from the Oklahoma Department of Public Safety and a memorandum from the Oklahoma Department of Public Safety and the Oklahoma Tax Commission. The included materials imply that license plates issued by the Sac and Fox Nation of Oklahoma are valid in Oklahoma. A memorandum dated July 1, 1997, (the July memorandum) to "all tribal leaders" signed by Robert Anderson, Chairman of the Oklahoma Tax Commission, and Bob A. Ricks, Commissioner of Pubic Safety, states:

"RE: SB 586 - Amendments to 47 O.S. §§ 6-106.854 and 1151

"This memorandum is in response to the many inquiries received regarding the impact of SB 586 [after July 1, 1997, Oklahoma Inspection Stations will no longer be able to inspect any vehicle unless the vehicle has a current Oklahoma license plate and decal] on tribal members owning vehicles which have a license plate issued by a federally-recognized tribe in Oklahoma. It is our view that the above-cited law does not apply where the individual owns a vehicle which is not required to be registered by the State of Oklahoma. Any other interpretation would mean the Legislature indirectly intended to require registration of vehicles which are otherwise specifically exempt from Oklahoma registration requirements. See *Sac and Fox Nation v. Oklahoma Tax Comm'n*, 113 S. Ct. 1985, 508 U.S. 114, 124 L. Ed. 2d 301, *rehearing denied* 113 S. Ct. 3066, 509 U.S. 933, 125 L. Ed. 2d 748 *on remand* 7 F.3d 925.

"Accordingly, a member of a federally-recognized Oklahoma tribe, living in 'Indian country' as defined by federal law and owning a vehicle bearing a valid license plate from the tribe has:

"1. a valid license plate to be treated the same as an Oklahoma license plate under the provisions of 47 O.S. 1151 as amended by SB 586;

"2. a valid license plate for purposes of obtaining a motor vehicle inspection; and

"3. a valid license plate for purposes of obtaining an Oklahoma driver license.

"You are authorized to reproduce a copy of this letter and furnish it to any concerned tribal member or other interested party."

The State in opining that "it does not appear that the Wakole vehicle bearing the Sac and Fox tribal tag may be lawfully operated on the highways" of Oklahoma did not directly answer our special question. However, a modest concession towards Oklahoma's rec-

ognition of license plates issued by a federally recognized tribe is found in the State's brief:

"Given the Oklahoma statutes which do not exempt tribal members from application of state motor vehicle laws, the absence of Oklahoma case law on this issue, the statement of facts contained in the Supreme Court opinion [*Oklahoma Tax Com. v. Sac & Fox Nation*, 508 U.S. 114], and the adverse result of the Supreme Court case regarding the tax component of Oklahoma's motor vehicle registration and licensing scheme, it may be that the State of Oklahoma is not enforcing its registration and licensing laws as to Sac and Fox tribally-tagged vehicles.

. . . .

". . . Benign neglect (should that prove to be the situation in Oklahoma concerning these tribal tags), is a legally insufficient basis upon which to extend reciprocity to the Sac and Fox tribal tags."

During oral argument, counsel for the State, in response to a question from the bench, did not question the validity of the July memorandum. However, counsel reiterated the State's position that Oklahoma statutory recognition of tribal license plates issued to individual tribal members by Indian tribes is required before K.S.A. 8-138a applies.

We read the July memorandum to state that Oklahoma by either custom or rule recognizes license plates issued by the Sac and Fox Indian Nation to individual tribal members. The July memorandum is signed by Bob A. Ricks, Commissioner of Public Safety, and Robert Anderson, Chairman, Oklahoma Tax Commission, addressed to "all tribal leaders." Under Oklahoma statutes, the Commissioner of Public Safety "shall have such powers and authority as may be granted by the provisions of the Uniform Vehicle Code or as may otherwise be provided by law." Okla. Stat. tit. 47, § 2-101 (a) (1988).

The Uniform Vehicle Code, Okla. Stat. tit. 47, § 1-101 *et seq.* (1988) covers, among other things, operator's licenses, rules of the road, and the Oklahoma Vehicle License and Registration Act. Okla. Stat. tit. 47, § 1113 (1988) states:

"Upon the filing of a registration application and the payment of the fees provided for in the Oklahoma Vehicle License and Registration Act, *the Oklahoma Tax Commission* shall assign to the vehicle described in the application a distinctive number and issue the owner of the vehicle a certificate of registration and

one license plate . . . or a yearly decal for the year that a license plate is not issued." (Emphasis added.)

The Commissioner of Public Safety and the Oklahoma Tax Commission, therefore, are the agencies charged with implementing Oklahoma vehicle registration.

We conclude that the July memorandum stating that "a vehicle bearing a valid license plate from [a] tribe" has "a valid license plate to be treated the same as an Oklahoma license plate" is persuasive that Oklahoma recognizes license plates issued by the Sac and Fox.

We also note a June 18, 1997, "NOTICE" under the letterhead of State of Oklahoma, Department of Pubic Safety, Bob A. Ricks, Commissioner. The notice says, in part:

"If the vehicle has an out-of-state license plate, an inspection station cannot, for any reason, inspect the vehicle.

"There are two exceptions to this law. [Reference is made to vehicles owned by members of the Armed Forces of the United States assigned to duty in Oklahoma.] Also if the vehicle has an Oklahoma Tribal Tag, the vehicle will be inspected. *Oklahoma Tribal tags are to be treated the same as an Oklahoma license plate.*" (Emphasis added.)

The issue whether federal law compels Kansas to recognize Indian license plates issued by tribes within Kansas is not presented by Wakole's appeal of her conviction. Wakole's van bore Sac and Fox of Oklahoma license plates.

## The Court of Appeals' Opinion

The Court of Appeals held that K.S.A. 74-4305, which defines "state" for the purposes of K.S.A. 8-138a, includes Indian Nations. The Court of Appeals relied on *Red Lake Band of Chippewa Indians v. State*, 311 Minn. 241, 248 N.W. 2d 722 (1976), and *Queets Band of Indians v. State of Wash.*, 765 F.2d 1399 (9th Cir. 1985). The State argues that neither *Queets Band* nor *Red Lake* sheds any light on what "state" means in K.S.A. 74-4305. The issue of whether an Indian Nation is a state under K.S.A. 74-4305 is not before us. We note however that *Red Lake* and *Queets Band* are based on principles of federal law regarding Indian sovereignty. *Red Lake* specifically noted the tribe's unique sovereign status,

exempted by Congress from the operation of a federal statute that conferred civil and criminal jurisdiction over Indians in Minnesota. 311 Minn. at 246. *Queets Band* involved tribally owned vehicles providing sanitation and police services on the reservation, not vehicles owned by individual tribal members such as Wakole's brother-in-law. *Queets Band* has been vacated and withdrawn. 783 F.2d 154 (9th Cir. 1986). The Washington Legislature has exempted vehicles owned or leased by the governing body of an Indian tribe located in Washington when the vehicle is used exclusively in tribal government service. See Wash. Rev. Code § 46.16.022 (1987) (additional limitations on recognition are set out in the remaining provisions of the statute); *Queets Band of Indians v. State*, 102 Wash. 2d 1, 682 P.2d 909 (1984).

Wakole contends that to construe K.S.A. 74-4305 to exclude Indian Nations would constitute denial of equal protection based on race or nationality. Because we hold Wakole's conviction must be overturned on reciprocity grounds, we do not reach her constitutional arguments.

The Court of Appeals' opinion is: (1) affirmed in reversing Wakole's conviction, (2) disapproved as to any language beyond our narrow holding, and (3) modified by our opinion. The district court is reversed.