```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 10, 2007[*]
Decided May 10, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1369

| | |
|---|---|
| JAMES MATTHEW; DEAN,<br>  *Plaintiff-Appellant*,<br><br>  *v.*<br><br>CHRIS J. HONISH, et al.<br>  *Defendants-appellees*. | Appeal from the United States<br>District Court for the<br>Eastern District of Wisconsin<br><br>No. 06-C-1125<br><br>William C. Griesbach,<br>*Judge*. |

**O R D E R**

James Matthew; Dean filed this action against Chris Honish, a Wisconsin state trooper, after Honish stopped Dean in his car.[1] In his complaint Dean claimed

---

[*] No defendant appeared in the district court or has participated in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

[1] Dean writes and signs his name as "James Matthew; Dean," so we have

(continued...)

that the traffic stop violated his "right to travel" and provided no further details of the encounter. The district court dismissed Dean's complaint sua sponte, reasoning that Dean had failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). Dean appeals, and we affirm.

Dean's pro se brief does not challenge, or even mention, the district court's judgment dismissing his complaint and only narrowly avoids violating Fed. R. App. P. 28(a)(9). His brief adds a few more details of his claim, however, and when we examine the complaint illuminated by his brief, *see Chavez v. Ill. State Police*, 251 F.3d 612, 648 (7th Cir. 2001) (explaining that we may consider additional facts first raised in briefs on appeal if new facts are consistent with complaint), we conclude that the district court properly found that Dean does not state a claim that entitles him to relief.

Dean's brief suggests that laws requiring state-supplied licenses to drive a car violate his "right to travel." His brief includes copies of traffic citations for driving his car without a license, for failing to register his vehicle, and for using what he calls "private property identification plates," as opposed to Wisconsin license plates. Dean claims that when Honish ticketed him for violating Wisconsin's laws that required proper licensing and registration, *see* WIS. STAT. §§ 341.04(1), 341.61(2), 343.05(3)(a), Honish violated his constitutional right to travel.

But Dean has not articulated reasons to support his unexplained argument that state licensure and registration requirements violate the right to travel, *see* Fed. R. App. P. 28(a)(9). This is not surprising because such an argument is meritless. *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (holding that there is no "fundamental right to drive" and affirming dismissal of complaint based on state's refusal to renew citizen's driver's license); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 (9th Cir. 1993) (finding no constitutional violation where valid Idaho law required driver's license, and plaintiff was detained for not having one). Without vehicle licenses, Dean is denied only "a single mode of transportation—in a car driven by himself," *see Miller*, 176 F.3d at 1204, and this does not impermissibly burden his right to travel. *Id.* Accordingly, the district court's judgment dismissing Dean's case is AFFIRMED.

---

[1](...continued)
used that formulation for his full name. Also, in his complaint he listed the defendants in his caption as "Chris J. Honish, et al." We likewise do so here, though Dean identified only one defendant, "Chris Honish" in the text of his complaint.