(301 P.3d 331)

No. 107,222

STATE OF KANSAS, *Appellant*, v. TROY JAMES COOPER, *Appellee*.

—

Opinion filed March 15, 2013.

*Natalie Chalmers*, assistant solicitor general, and *Stephen R. McAllister*, solicitor general, of Office of the Kansas Attorney General, for appellant.

No appearance by appellee.

Before STANDRIDGE, P.J., ATCHESON, J., and DANIEL L. HEBERT, District Judge Retired, assigned.

ATCHESON, J.: The Kansas Attorney General has appealed a question reserved from the unsuccessful criminal prosecution of Defendant Troy James Cooper for possession of marijuana he lawfully obtained as a resident of Colorado for medicinal use. The Ellsworth County District Court acquitted Cooper based on the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution. The question reserved, not surprisingly, is essentially this: Does the Privileges or Immunities Clause of the Fourteenth Amendment preclude Kansas from enforcing its statutes criminalizing the possession of marijuana against a Colorado resident in this state with marijuana lawfully obtained under the laws of that state? Based on what the Attorney General has presented, the answer must be in the negative. The answer, however, is a narrow one and has nothing to say about other constitutional grounds that might bar such a prosecution.

Colorado permits its residents to lawfully obtain and possess limited amounts of marijuana for medical use with a prescription from a physician. Colo. Const. Art. 18, § 14. The criminal case against Cooper was submitted to the district court on stipulated facts. As a resident of Colorado, Cooper lawfully obtained medical marijuana there. Cooper came to Kansas with his medical marijuana and intended to stay here for several weeks visiting family and friends before returning to Colorado. A law enforcement officer stopped Cooper in Ellsworth County and found him to have the prescribed medical marijuana. The State charged Cooper with simple possession of marijuana, a misdemeanor, in violation of K.S.A. 2011 Supp. 21-36a06. The district court acquitted Cooper on the grounds the prosecution contravened protections afforded him under the Privileges or Immunities Clause of the Fourteenth Amendment and impermissibly interfered with his constitutional right to interstate travel.

The Attorney General has appealed under K.S.A. 22-3602(b)(3), allowing the prosecution to seek review of "a question reserved." An appellate court should address a question reserved only if the issue is "of statewide interest" bearing on "the correct and uniform administration of criminal law." *State v. Berreth*, 294 Kan. 98, 121, 273 P.3d 752 (2012); *State v. Finch*, 291 Kan. 665, Syl. ¶ 1, 244 P.3d 673 (2011). Conversely, an appellate court should not proceed if the State's purpose simply appears to be demonstrating that the trial judge made a mistaken ruling. *Berreth*, 294 Kan. at 121. An appellate decision responding to a question reserved does not affect the named defendant because the process presumes the underlying case to have been concluded. 294 Kan. at 124-25.

We suppose the question fits within the framework for a proper question reserved, although the contrary supposition could be well debated. The Attorney General does not indicate that individuals are regularly prosecuted in Kansas for possession of medical marijuana or, more particularly, that those prosecutions have been routinely thwarted by arguments based on the Privileges or Immunities Clause. The State submits this is a question of first impression, meaning it is one of a kind. Colorado, however, has permitted possession of marijuana for medical treatment since 2000. See *People v. Clen-*

*denin*, 232 P.3d 210, 215 (Colo. App. 2009). So the particular issue hasn't arisen in the past dozen years. But legalized medical marijuana is becoming more prevalent. On November 6, 2012, Massachusetts voters approved a ballot referendum allowing medical marijuana. www.cbsnews.com/8301-505245_162-57546629/mass-oks-medical-marijuana-but-questions-remain/ (accessed November 14, 2012). According to one clearinghouse, 18 states and the District of Columbia have authorized the use of marijuana for medical purposes. See medicalmarijuana.procon.org/view.resource.php?resourceID?00881 (accessed November 14, 2012). As more states permit the use of medical marijuana, more people may be travelling through Kansas with their medication. That at least suggests the question could be of some broad interest.

We also venture forth with some trepidation given the vehicle provided in the question reserved process and the appellate briefing in this case. Questions reserved come to the appellate courts in an atypical way basically at odds with the adversarial adjudicative process and the benefits afforded through that process in resolving contested legal issues. The adversarial system rests, in part, on the notion that competing arguments from opposing sides will define and clarify the court's resolution of the dispute. See *United States v. Cronic*, 466 U.S. 648, 656, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (" 'The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free.' ") (quoting *Herring v. New York*, 422 U.S. 853, 862, 95 S. Ct. 2550, 45 L. Ed. 2d 593 [1975]); *GTE Sylvania, Inc. v. Consumers Union*, 445 U.S. 375, 382-83, 100 S. Ct. 1194, 63 L. Ed. 2d 467 (1980) ("The clash of adverse parties ' "sharpens the presentation of issues upon which the court so largely depends for illumination of difficult . . . questions." ' "). But in presenting a question reserved, the State acts in a case that has concluded favorably to a criminal defendant. So that defendant has little or no incentive to continue the legal debate. Commonly, only the State presents argument to the appellate court on a question reserved. That is true here. Cooper has neither appeared nor filed a brief in

this court. We, therefore, have no counterargument to test the State's thesis or authority.

The State argues that the Privileges or Immunities Clause protects only federal rights and, therefore, does not prohibit law enforcement officers from applying this state's statutes criminalizing possession of marijuana against persons within the borders of Kansas even though their marijuana may have been lawfully obtained under another state's laws. The State has gone to some pains in its briefing to establish that the federal government has not carved out an exception to its criminal statutes for the use of medical marijuana. We acknowledge that proposition in the absence of any contrary presentation.

The State principally relies on the United States Supreme Court's decision in *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 79, 21 L. Ed. 394 (1872). The *Slaughter-House Cases* majority held that the Privileges or Immunities Clause of the Fourteenth Amendment protects only certain federal rights against state encroachment. *Slaughter-House Cases*, 83 U.S. at 74, 79 (Privileges or Immunities Clause extends no further than rights that "owe their existence to the Federal government, its National character, its Constitution, or its laws"). The *Slaughter-House Cases* decision has since been commonly construed as confining the Privileges or Immunities Clause to a narrow set of federal rights, not even including those contained in the Bill of Rights. See *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 3028-31, 177 L. Ed. 2d 894 (2010); *National Rifle Ass'n of Amer. v. City of Chicago*, 567 F.3d 856, 857 (7th Cir. 2009) (Privileges or Immunities Clause does not apply the Bill of Rights to the states), *rev. sub nom McDonald*, 130 S. Ct. 3020; Newsom, *Setting Incorporationism Straight: A Reinterpretation of the Slaughter House Cases*, 109 Yale L.J. 643, 657-58 (January 2000). In turn, *Slaughter-House Cases* necessarily supports the view that the Clause does not protect rights grounded in state law. *McDonald*, 130 S. Ct. at 3028. The *Slaughter-House Cases* decision has been much criticized. The *McDonald* Court noted that "many legal scholars dispute the correctness of the narrow *Slaughter-House* interpretation" of the Clause. 130 S. Ct. at 3029-30 (citing authority); see Benedict, *Slaughterhouse Cases*,

The Oxford Guide to the Supreme Court of the United States, 924 (Hall, editor, 2d ed. 2005); Lurie, *Reflections on Justice Samuel F. Miller and the Slaughter-House Cases*, 1 N.Y.U. J. L. & Liberty 355, 355-56 (2005).

The holding in *Slaughter House Cases* has not been overruled, according to the State. The Court's decision in *McDonald* confirms as much. The *McDonald* Court rejected an opportunity to reconsider or overrule *Slaughter House Cases* and simply discarded it as unnecessary to the disputed issues in that case. 130 S. Ct. at 3030-31. Accordingly, the Privileges or Immunities Clause applies only to certain federal rights—however long, short, or obscure the list of the particular rights.

Based on the State's briefing, we respond to the question reserved this way: The Privilege or Immunities Clause of the Fourteenth Amendment does not bar the enforcement of Kansas criminal statutes prohibiting possession of marijuana against someone traveling through or staying temporarily in this state even though that individual possesses the marijuana in conformity with another state's law allowing its use and possession for medical purposes. In those circumstances, the right to lawfully possess the marijuana rests on state law and, therefore, is outside the scope of the Clause.

As the State mentions in its brief, citizens have a federal constitutional right to interstate travel that may not be unreasonably burdened by state law or local regulation. *Shapiro v. Thompson*, 394 U.S. 618, 629-30, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969). That right has at least three components: (1) a citizen of one state may enter and leave another state; (2) a citizen of one state must "be treated as a welcome visitor rather than an unfriendly alien when temporarily" in another state; and (3) one who elects to travel to and become a resident of a state must be "treated like other citizens of that state." *Saenz v. Roe*, 526 U.S. 489, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999). The *Saenz* Court held that the third component of the right to travel is constitutionally protected by the Privileges or Immunities Clause, since it was expressly identified in *Slaughter-House Cases*, 83 U.S. at 80. *Saenz*, 526 U.S. at 503-04. Whatever the scope of that aspect of the constitutional right to travel, it was factually inapposite in Cooper's case. Based on the stipulated

facts, he indisputably intended to be in Kansas only briefly. In turn, the question reserved does not embrace the right of a citizen to travel to and become a permanent resident of Kansas. And, therefore, our response to the question reserved doesn't encompass that right. To the extent the district court might have relied on that component of the right to travel in ruling for Cooper, its reliance would have been misplaced based on the facts. Addressing a factual error of that type falls outside the proper purpose for entertaining a question reserved.

The State does not otherwise discuss the right to travel or present authority extending beyond *Saenz*. The State does cite a portion of *Doe v. Miller*, 405 F.3d 700, 712-13 (8th Cir. 2005), that simply paraphrases the *Saenz* Court's discussion of the right to travel. In *Saenz*, the Court declined to identify the specific constitutional source of the first component of the right to travel and placed the second outside the Privileges or Immunities Clause of the Fourteenth Amendment. 526 U.S. at 501-02. We, therefore, have no need to comment on those aspects of the constitutional right to travel in responding to the question reserved. We likewise express no opinion on other constitutional rights or protections that conceivably might afford a defense to a person prosecuted under the Kansas Criminal Code for possessing marijuana obtained legally through another state's laws permitting its use as medication.

Appeal sustained.