NOT DESIGNATED FOR PUBLICATION

No. 114,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON L. TRIBITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; LINDA S. TRIGG, judge. Opinion filed July 22, 2016. Affirmed.

*Jason L. Tribitt*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: Jason L. Tribitt appeals a judgment of the Johnson County District Court finding him guilty of speeding and failing to provide proof of liability insurance on the grounds traffic laws infringe upon his constitutional right to travel and, alternatively, the arresting officer, the prosecutor, and the magistrate judge had a conflict of interest because the fines assessed against him fund various governmental operations and programs. Finding no merit in those arguments, we affirm the district court's judgment.

1

On March 12, 2015, Johnson County Deputy Sheriff John Lafferty stopped Tribitt for driving 47 mph in a 35 mph speed zone. During the traffic stop, Deputy Lafferty asked Tribitt for his driver's license and proof of insurance. Tribitt initially refused, claiming speed limits apply only to commercial vehicles. He also informed Deputy Lafferty that under Kansas law he could not be cited for speeding because he was not driving or operating a vehicle, given how those terms are defined by statute, and those laws interfered with his "inalienable right to travel freely and unencumbered." Deputy Lafferty testified that he and Tribitt "got into a little bit of an argument over his requirement to provide his license." According to Deputy Lafferty, Tribitt ultimately relented and relinquished his driver's license but never provided proof of insurance despite numerous requests for such information. Deputy Lafferty cited Tribitt for speeding and no insurance.

At his bench trial on July 23, 2015, Tribitt reiterated the argument he made during the traffic stop:  (1) the traffic laws did not apply to him because he did not qualify as a "'driver'" of a "vehicle" according to the Kansas statutes; (2) the word "'vehicle'" is limited to instrumentalities that transport "goods or persons from one place to another by a carrier," and he was on a personal errand; and (3) he was exercising his constitutional right to travel. In addition, Tribitt argued Deputy Lafferty had a conflict of interest because "every fee taken in by a court is . . . divided and funds the Sheriff's pension and his retirement."

After stating that the only issue before the court was whether the State had proved beyond a reasonable doubt that Tribitt operated a vehicle at a speed in excess of the posted speed limit and failed to provide proof of liability insurance, the district magistrate judge found Tribitt guilty on both counts. The district magistrate judge imposed a $75 fine for speeding and a $300 fine for no liability insurance. Tribitt has timely appealed.

On appeal, Tribitt reprises his arguments that the traffic laws of Kansas infringe upon his constitutional right to travel and, alternatively, his convictions should be overturned because Deputy Lafferty, the prosecutor, and the magistrate judge had conflicts of interest because the fines are "dispersed and shared amongst the employees of the [S]tate."

Having thoroughly examined the record and the legal arguments, we affirm the district court's judgment. In short, Tribitt's claims lack any sound legal bases. Although citizens have a federal constitutional right to interstate travel that state and local law may not unreasonably burden, they do not have an unfettered right to operate motor vehicles upon public roads and highways. See *State v. Cooper*, 48 Kan. App. 2d 671, 675, 301 P.3d 331 (2013); *State v. Hershberger*, 27 Kan. App. 2d 485, 492-94, 5 P.3d 1004, *rev. denied* 269 Kan. 937 (2000). As the Kansas Supreme Court has explained:  "[T]he right to operate a motor vehicle upon a public street or highway is not a natural or unrestrained right but a *privilege* which is subject to reasonable regulations under the police power of the state in the interest of the public's safety and welfare." *Popp v. Motor Vehicle Department*, 211 Kan. 763, 766, 508 P.2d 991 (1973). This court has similarly rejected arguments challenging the constitutionality of traffic laws because there are other means of travel available and such regulatory schemes "advance the public interest in ensuring the competency of drivers operating on the roadway and that drivers have adequate financial security to compensate potential injured parties." *Hershberger*, 27 Kan. App. 2d at 493-94; see *State v. Hartnett*, No. 112,199, 2015 WL 7162119, at *1 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 14, 2015.

We likewise reject Tribitt's alternative argument that the government actors in this drama had conflicts of interest. Tribitt has cited no directly relevant legal authority supporting the notion that law enforcement officers, prosecutors, or judges labor under conflicts of interest simply because fines support various government programs or services. That alone does not establish disabling partiality or prejudice. Absent some

3

pertinent caselaw or other authority, Tribitt's position amounts to little more than soapbox rhetoric. We don't decide cases on that basis. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue).

Accordingly, Tribitt has failed to demonstrate any error in the district court's judgment.

Affirmed.