NOT DESIGNATED FOR PUBLICATION

No. 118,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee*,

v.

JOHN LYNDON WILLIAMSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 16, 2018. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant, and *John L. Williamson*, appellant pro se.

*Cathy A. Eaton*, assistant city attorney, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM: John Lyndon Williamson appeals following his convictions in Wichita Municipal Court—and from his subsequent unsuccessful appeal to the Sedgwick County District Court—for failure to register a motor vehicle and failure to maintain liability insurance. On appeal to this court, Williamson contends that the evidence presented to the district court was insufficient to convict him of either offense and that the mandatory registration law is unconstitutional as applied to him. He also contends that the Kansas Automobile Injury Reparations Act is unconstitutional. For the reasons set forth in this opinion, we conclude that Williamson has not shown a constitutional violation. We also conclude that the City of Wichita presented sufficient evidence to

1

prove beyond a reasonable doubt that Williamson was guilty of violating the municipal ordinances in question. Thus, we affirm.

## FACTS

On June 8, 2016, Wichita Police Officer Kevin Donohue observed a white Ford Econoline van with an expired Texas license plate. Once Officer Donohue also observed the driver fail to use a turn signal, he decided to pull the van over. When Officer Donohue pulled the vehicle over, he asked the driver for his license and proof of insurance. The driver complied and gave the officer his driver's license as well as an insurance card.

Officer Donohue identified the driver to be John L. Williamson, who lived in Texas. In reviewing the insurance card, the officer noticed that it had expired a few days prior to the stop. Accordingly, Officer Donohue issued a citation to Williamson for driving without liability insurance—in violation of Wichita City Ordinance 11.13.010(a) (2007)—and driving without valid registration, in violation of Wichita City Ordinance 11.38.300(a) (2007). The officer did not issue a citation for the alleged turn signal violation.

On November 22, 2016, the Wichita Municipal Court found Williamson guilty of both offenses and sentenced him to six months of jail time, suspended to six months of non-reporting probation, and a $300 fine plus court costs. Williamson subsequently appealed the municipal court's decision to the district court. Prior to trial, Williamson filed a pro se motion to dismiss the registration charge and a separate pro se motion to dismiss his conviction for failure to have liability insurance.

The district court held a bench trial on June 29, 2017. Williamson appeared in person and by his court-appointed counsel. At trial, Williamson—who is hard of hearing—was provided with a headset to help him hear what was being said in the courtroom. In addition, he was provided with computer equipment to follow real-time transcription of the proceedings as recorded by the court reporter.

Before the district court heard testimony, it took up Williamson's motions to dismiss. After hearing arguments in support and opposition, the district court denied both motions and proceeded to hear the evidence. The City then called Officer Donohue as a witness. In addition, the City admitted a video recording of the stop as well as a record from Texas Department of Motor Vehicles into evidence. The record from Texas indicated that Williamson's vehicle registration had expired in April 2016.

After the City rested, Williamson moved for a judgment of acquittal, which was denied by the district court. Williamson then exercised his right not to testify and did not present any evidence. At the conclusion of the bench trial, the district court found Williamson to be guilty beyond a reasonable doubt of having no liability insurance on the date of the traffic stop and that the tag on his vehicle had expired. The district court then turned to sentencing.

The City requested the imposition of a $300 fine and court costs. The City did not request jail time or probation. Williamson provided the district court with evidence that—on the date of the trial—his vehicle registration and liability insurance were current. Accordingly, the district court reduced the City's requested fine and ordered Williamson to pay $150 plus court costs. Thereafter, Williamson timely filed a notice of appeal.

ANALYSIS

*Constitutional Right to Travel*

On appeal, Williamson contends that the City of Wichita's requirements that all drivers register their motor vehicles and carry proof of liability insurance are unconstitutional violations of his right to interstate travel. Specifically, on the registration requirement, Williamson argues that any requirement that he must register his vehicle in order to travel on a public road creates a legal barrier to travel and, therefore, violates his fundamental rights. On the issue of insurance, Williamson argues that the Wichita ordinance denied him due process and presumes his guilt, rather than his innocence.

We review the constitutionality of a statute as a question of law over which we exercise unlimited review. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016).

> """The constitutionality of a statute is presumed. All doubt must be resolved in favor of its validity, and before the act may be stricken down it must clearly appear that the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it. If there is any reasonable way to construe the statute as constitutionally valid, that should be done. A statute should not be stricken down unless the infringement of the superior law is clear beyond a reasonable doubt." [Citation omitted.]' *State v. Whitesell*, 270 Kan. 259, 268, 13 P.3d 887 (2000)." *State v. Brown*, 280 Kan. 898, 899, 127 P.3d 257 (2006).

Although as citizens of the United States we have a constitutional right to interstate travel, we do not have an unfettered right to operate motor vehicles upon public roads and highways. See *State v. Cooper*, 48 Kan. App. 2d 671, 675, 301 P.3d 331 (2013); *State v. Hershberger*, 27 Kan. App. 2d 485, 492-94, 5 P.3d 1004, *rev. denied* 269 Kan. 937 (2000). As the Kansas Supreme Court has explained:  "[T]he right to operate a motor vehicle upon a public street or highway is not a natural or unrestrained right but a

4

privilege which is subject to reasonable regulations under the police power of the state in the interest of the public's safety and welfare." *Popp v. Motor Vehicle Department*, 211 Kan. 763, 766, 508 P.2d 991 (1973).

As this court has previously ruled, the requirement that a person or entity register a motor vehicle is not an unconstitutional burden on a driver's right to interstate travel. In *Hershberger*, our court noted that appellate courts across the country have rejected the type of argument Williamson raises in this appeal. This is because operating a motor vehicle is only one of many modes of transportation and such regulations advance the public interest by ensuring that drivers have financial security to compensate people injured by motor vehicles. 27 Kan. App. 2d at 493-94; see *Halajian v. D & B Towing*, 209 Cal. App. 4th 1, 10-14, 146 Cal. Rptr. 3d 646 (2012); *Gordon v. State*, 108 Idaho 178, 179-80, 697 P.2d 1192 (Ct. App. 1985); *State v. Cuypers*, 559 N.W.2d 435, 436-37 (Minn. App. 1997); *Matthew v. Honish*, 233 Fed. Appx. 563, 564 (7th Cir 2007) (unpublished opinion).

As our Supreme Court has held, Kansas may require drivers in the state to carry liability insurance. See *Manzanares v. Bell*, 214 Kan. 589, 600-01, 522 P.2d 1291 (1974). Furthermore, in *Barnes v. Kansas Dept. of Revenue*, 238 Kan. 820, 714 P.2d 975 (1986), our Supreme Court found that the Kansas approach to requiring compulsory insurance for drivers does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. 238 Kan. at 827-28. Thus, we do not find that the City of Wichita violated Williamson's constitutional right to travel.

*Sufficiency of the Evidence*

Next, Williamson contends that the City of Wichita failed to present sufficient evidence to prove that he was guilty of either failure to register a motor vehicle or failure to carry liability insurance.

5

"'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Wichita City Ordinance 11.38.300(a), provides:

"It is unlawful for any person to:

"(a) Operate, or for the owner thereof to knowingly permit the operation, upon a street or highway of any vehicle which is not registered, or for which a certificate of title has not been issued or which does not have attached thereto and displayed thereon the license plate or plates assigned thereto by the division of motor vehicles for the current registration year, including any registration decal required to be affixed to any such license plate pursuant to K.S.A. 8-134, and amendments thereto, subject to the exemptions allowed in K.S.A. 8-135, 8-198 and 8-1751a and amendments thereto."

In other words, in order to convict Williamson of violating this ordinance, the City needed to prove he operated a motor vehicle that was not registered in any state within the city limits of Wichita.

Williamson argues that the statutes of registration only apply to residents of Kansas. However, there is nothing in the plain language of the ordinance to indicate that it only applies to Kansas residents. Moreover, we note that K.S.A. 8-138a allows all nonresident owners, "when duly licensed in the state of residence," to drive in the State to the extent the owner's home state grants reciprocal privileges to residents of Kansas. Our Supreme Court has held this to mean that the car, likewise, must be "licensed" in the owner's home state. *State v. Wakole*, 265 Kan. 53, 54-55, 959 P.2d 882 (1998). Similar to Kansas, Texas residents are required to register vehicles each year. See Tex. Transp. Code § 502.040(a) (2017).

At Williamson's bench trial, the City offered the testimony of Officer Donohue, who testified that he observed Williamson operate his van with an expired Texas license plate. The City further admitted into evidence a record from the Texas Department of Motor Vehicles that indicated Williamson's registration had expired prior to the time Officer Donohue stopped it in Wichita. Thus, based on our review of the record in this case, we find that the City offered sufficient evidence that Williamson violated the motor vehicle registration ordinance.

Turning to the failure to provide proof of insurance ordinance, we note that Wichita City Ordinance 11.13.010(a) provides:

"Every owner of a motor vehicle shall provide motor vehicle liability insurance coverage in accordance with the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 et seq. and amendments thereto, for every motor vehicle owned by such person, unless such motor vehicle: (1) is included under an approved self-insurance plan as provided in K.S.A. 40-3104(f) and amendments thereto; (2) is used as a driver training motor vehicle, as defined in K.S.A. 72-5015, and amendments thereto, in an approved driver training course by a school district or an accredited nonpublic school under an agreement with a motor vehicle dealer, and such motor vehicle liability insurance coverage is provided by the school district or accredited nonpublic school; (3) is included under a qualified plan of self-insurance approved by an agency of the state in which such motor vehicle is registered and the form prescribed in subsection (b) of K.S.A. 40-3106; or (4) is expressly exempted under the laws of this state."

As such, in order to convict Williamson of violating this ordinance, the City needed to prove that Williamson was operating a motor vehicle within Wichita that did not have liability insurance coverage.

We find that Officer Donohue's testimony—as confirmed by the video recording of the traffic stop—was sufficient for a fact-finder to conclude that Williamson was guilty beyond a reasonable doubt of failing to maintain liability insurance on the date in

7

question. Moreover, although Williamson came forward with evidence to show that he had liability insurance on the date of the trial, he never produced evidence that he had valid liability insurance at the time of the traffic stop.

Affirmed.