STATE of Minnesota, Respondent,

v.

**Eugene Francis CUYPERS, Appellant.**

**No. C2–96–1116.**

Court of Appeals of Minnesota.

Feb. 11, 1997.

# 436

Peter J. Nickitas, Superior, WI, for Appellant.

Hubert H. Humphrey, III, Attorney General, St. Paul; Alan L. Mitchell, St. Louis County Attorney, Charles P. Schumacher, Assistant County Attorney, Duluth, for Respondent.

Considered and decided by
KALITOWSKI, P.J., and HARTEN and
FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

As Justice Cardozo might state, the issue in this case is whether the Minnesota No–Fault Automobile Insurance Act falls within the constitutional power of the legislature. We find that it does.

## FACTS

In December 1994, a state patrol trooper stopped a pickup truck driven by appellant Eugene Francis Cuypers because its license plate and registration tab were obscured. After the trooper determined that appellant's driver's license had been revoked and that appellant could not produce proof of insurance, the trooper cited him for driving after revocation and no proof of insurance.

Appellant brought a pretrial motion to dismiss the citations on grounds that the Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1996), violates his

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

constitutional rights to travel and to due process. The trial court denied the motion and found appellant guilty of driving after revocation, Minn.Stat. § 171.20, subd. 2 (1994), and without proof of insurance, Minn. Stat. § 169.791 (1994).

## ISSUES

I. Does Minnesota's mandatory automobile insurance requirement violate appellant's right to travel?

II. Does Minnesota's mandatory automobile insurance requirement violate appellant's due process rights?

## ANALYSIS

In a constitutional challenge, the interpretation of a statute is a question of law subject to de novo review. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). The party challenging the constitutionality of a statute has the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989).

### I. Right to Travel

Appellant argues that the statutory insurance requirement violates his right to travel under the federal and state constitutions because mandatory insurance, in effect, creates a private toll on public roadways and these roads often offer the only practical means of travel.

The trial court rejected appellant's argument, finding that the insurance requirement is a reasonable restriction that promotes a remedial purpose. As a result, the court convicted appellant of no proof of insurance in violation of Minn.Stat. § 169.791, subd. 2 (1994). By statute, all motor vehicle operators must obtain insurance for the purpose of providing compensation to all people injured in an automobile accident. Minn.Stat. §§ 65B.42, .48 (1996).

A fundamental right to interstate travel exists under the federal constitution. *United States v. Guest,* 383 U.S. 745, 759, 86

art. VI, § 10.

S.Ct. 1170, 1179, 16 L.Ed.2d 239 (1966). Minnesota also recognizes the right to intrastate travel. *State v. Stallman,* 519 N.W.2d 903, 906–07 (Minn.App.1994).

> The right to travel is implicated when a statute **actually deters** such travel, when **impeding** travel is its primary objective, or when it uses any **classification** which serves to **penalize** the exercise of that right.

*Mitchell v. Steffen,* 504 N.W.2d 198, 200 (Minn.1993) (citing *Attorney Gen. v. Soto-Lopez,* 476 U.S. 898, 903, 106 S.Ct. 2317, 2320, 90 L.Ed.2d 899 (1986)), *cert. denied,* 510 U.S. 1081, 114 S.Ct. 902, 127 L.Ed.2d 93 (1994). The right to travel receives intermediate scrutiny under which the state must narrowly tailor its regulation to meet a significant governmental objective. *Stallman,* 519 N.W.2d at 907.

We find that the statute at issue does not implicate the right to travel. Although the mandatory insurance law may limit a person's ability to drive a motor vehicle, it does not actually deter appellant's right to travel because driving a motor vehicle represents only one of many ways to travel. For example, appellant still may travel by bicycle, bus, train, or air. Because this statute merely regulates one mode of transportation, it does not implicate appellant's right to travel.

Furthermore, the statute's primary purpose is not to impede the right to travel. Rather, the legislature narrowly tailored the statute to advance the significant public interest of having insured drivers to compensate accident victims and to administer such compensation efficiently. *See* Minn.Stat. § 65B.42 (1996) (listing purposes of no-fault act). The increasing number of people on our highways, their higher rates of speed, and the resulting accidents and injuries mandate the carrying of insurance to protect the general public.

Although the statute favors those who can afford to pay insurance premiums over those who cannot, appellant concedes that he can afford such payments but that he declines to obtain insurance for personal reasons. Because appellant does not belong to the affected class, this classification does not penalize appellant for exercising his right to travel.

Appellant primarily relies on *Stallman,* in which this court held that an automobile anti-cruising ordinance violated the right to intrastate travel because it inadequately informed the public of the prohibited conduct. *Id.* at 910. We find *Stallman* distinguishable because the mandatory insurance statute presents no such vagueness problems. Thus, appellant has not demonstrated beyond a reasonable doubt that the insurance statute violates his right to travel.

## II. Due Process

■ Appellant argues that the mandatory insurance statute violates due process because the law does not provide public rate-setting, citing *Shavers v. Kelley,* 402 Mich. 554, 267 N.W.2d 72, 88–90 (1978) (finding portions of Michigan's No-Fault Insurance Act unconstitutional), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979). Under the *Shavers* standard, the mere lack of public rate-setting does not violate due process. Rather, a no-fault insurance law satisfies due process where the rates are publicized and every motorist has the opportunity to obtain "prompt and effective administrative review" upon the refusal or cancellation of insurance. *Shavers,* 267 N.W.2d at 91. By statute, an insurer must submit proposed rates and the information supporting the rates to the Commissioner of Commerce and the governing committee for prior written approval. Minn.Stat. § 65B.08 (1996). Furthermore, the statute entitles an aggrieved party to a formal hearing as well as an appeal. Minn.Stat. § 65B.12 (1996). Thus, the Minnesota statute would not violate the requirements of *Shavers.*

Although appellant also contends that the mandatory insurance statute presumptively creates higher rates for insurance, the record contains no such evidence. We consider appellant's policy arguments better suited for the legislature.

## DECISION

Because appellant has not demonstrated beyond a reasonable doubt that the mandatory insurance statute violates either his right to travel or his right to due process, we

uphold appellant's conviction for driving with no proof of insurance.

**Affirmed.**