I agree with the court's judgment, and the analysis on all issues save one — I would hold that the right to intrastate travel is a constitutional right of Americans.
Intrastate travel is a fundamental right.[30] There is little real-world distinction between the right to interstate travel, which the United States Supreme Court has recognized as a fundamental right, and the right to intrastate travel. As the United States Court of Appeals for the Second Circuit has stated, "It would be meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state."[31] Although many federal cases concerning travel among the states are grounded in the Privileges and Immunities Clause,[32] which would necessarily give rise to only a right of interstate travel, the proper fundament for the right of travel within states is the Due Process Clause of theFourteenth Amendment.[33]
Under the Fourteenth Amendment, substantive due process requires protection of rights "so rooted in the traditions and conscience of our people as to be ranked as fundamental."[34] Under this analysis, intrastate travel is a fundamental right. Indeed, the right of free movement, of walking about from place to place, of deciding which fork in the road to travel, is basic to Americans' understanding of liberty. That a government could tell a free people where they might amble is to us a foreign concept. In Lutzv. York, a lead case recognizing a fundamental right to intrastate travel, the United States Court of Appeals for the Third Circuit thoroughly discussed the precedent leading to the conclusion that intrastate travel is a fundamental right.[35] The Lutz court recognized the unreasonableness of limiting what it referred to as "the right to travel locally through public spaces and roadways," and it concluded that "the right to move freely about one's neighborhood or town, even by automobile, is indeed `implicit in the concept of ordered liberty and `deeply rooted in the Nation's history.'"[36]
Thus, I would hold that intrastate travel is a fundamental right under the Fourteenth Amendment. And it is also grounded in Section 1, Article I of the Ohio Constitution, which guarantees, "All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, * * * and seeking and obtaining happiness and safety."[37] The drafters of the Ohio Constitution would have understood that the right to travel free of governmental interference is encompassed in that section.
Thus, we should subject Cincinnati Municipal Code Chapter 755 to a higher level of scrutiny. Under substantive-due-process analysis, a government impingement upon a fundamental right is subject to heightened scrutiny. Here, the level would be "intermediate scrutiny," which, in the case of intrastate travel, would mean that reasonable restrictions can be placed on the time, place, and manner of exercising the right, if the law is narrowly tailored to meet significant governmental objectives.[38]
But, even under heightened scrutiny, I would nonetheless hold the ordinance to be valid, at least regarding the one-year exclusion based on conviction of an underlying crime. The city's interest in curbing drug-related activity is high. And I believe that the one-year exclusion from Over-the-Rhine is a narrowly tailored way of achieving the city's interests. Persons convicted of crimes are routinely given community-control sanctions that restrict their right to movement, such as by the imposition of curfews or driving restrictions. I believe that restricting access to an area known for high drug usage is reasonable, especially considering that variances to the exclusion can be granted for reasons such as residence or employment in the exclusion zone, or for drug abuse-related counseling services.[39] Therefore, I concur in the court's judgment, but would hold that that intrastate travel is a fundamental right of Americans.
[30] See, e.g., Watt v. Watt (Wyo. 1999), 971 P.2d 608, 615;Minnesota v. Cuypers (Minn. 1997), 559 N.W.2d 435, 437;Brandmiller v. Arreola (1996), 199 Wis.2d 528, 539,544 N.W.2d 894, 899; Spencer v. Casavilla (C.A.2, 1990), 903 F.2d 171, 174
(citing King v. New Rochelle Mun. Hous. Auth. [C.A.2, 1971],442 F.2d 646); Lutz v. York, Penn. (C.A.3, 1990), 899 F.2d 255, 268. Although the majority points out that the United States Court of Appeals for the Sixth Circuit has held that there is no fundamental right to intrastate travel, the Sixth Circuit might be reconsidering that position. See Kuhnle Brothers, Inc. v. Countyof Geauga (C.A.6, 1997), 103 F.3d 516, 521-522.
[31] King, supra, at 648-649.
[32] Section 2, Article IV, United States Constitution and Section 1, Fourteenth Amendment.
[33] See Lutz, supra, at 266-268.
[34] Snyder v. Massachusetts (1934), 291 U.S. 97, 105,54 S.Ct. 330, 332.
[35] 899 F.2d at 266-268.
[36] Id. at 268.
[37] See, also, Brandmiller, supra, at 539, 544 N.W.2d at 899(recognizing fundamental right to intrastate travel under Wisconsin Constitution).
[38] See Lutz, supra, at 269.
[39] See Cincinnati Municipal Code 755-11(2).