*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0473**

State of Minnesota,
Respondent,

vs.

Kevin Ryan,
Appellant.

**Filed February 13, 2017
Affirmed
Smith, Tracy M., Judge**

Anoka County District Court
File No. 02-VB-15-9930

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark Berglund, Blaine City Attorney, Michael J. Scott, Assistant City Attorney, Anoka, Minnesota (for respondent)

Kevin Ryan, Forest Lake, Minnesota (pro se appellant)

 Considered and decided by Smith, Tracy M., Presiding Judge; Johnson, Judge; and

Reyes, Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

 Appellant Kevin Ryan appeals his petty misdemeanor conviction for operating a

motor vehicle without proof of insurance. On appeal, Ryan argues (1) that Minn. Stat.

§ 169.791, subd. 2 (2014), violates the Minnesota Constitution and (2) that the state unconstitutionally destroyed evidence material to his defense. We affirm.

## FACTS

On May 29, 2015, a Blaine police officer was patrolling the Lino Lakes/Centennial Lakes area as part of a cooperative assignment to increase traffic-law enforcement. At approximately 10:37 p.m., the officer observed a vehicle without both headlights illuminated and stopped the vehicle. The officer asked the driver of the vehicle, Ryan, for his proof of insurance. Ryan provided the officer with an outdated insurance card. The officer cited Ryan for operating a motor vehicle without proof of insurance.

A bench trial took place on February 16, 2016. Ryan submitted no formal discovery requests before trial. At trial, the district court asked the prosecutor if Ryan had a police report, and the prosecutor responded that there was a citation notation, which he then provided to Ryan. Ryan presented no evidence at trial, but asked for the officer's recording of the stop after the state rested its case. The prosecutor explained to the court that these tapes are destroyed after six months and that the prosecutor had "no access to it." Ryan objected to the destruction of the tape in his closing arguments. The district court concluded that Ryan was guilty of operating a motor vehicle without proof of insurance and sentenced him to pay a $285 fine.

Ryan appeals.

**D E C I S I O N**

### I. Ryan forfeited his constitutional arguments because he did not raise them before the district court.

Ryan challenges the constitutionality of the automotive-insurance requirement of Minn. Stat. § 169.791, subd. 2. Ryan did not raise his constitutional arguments before the district court.

A reviewing court will generally not consider constitutional questions not argued before the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996); *In re Welfare of C.L.L.*, 310 N.W.2d 555, 557 (Minn. 1981) (declining to address a constitutional issue raised for the first time on appeal). An appellate court may choose to consider pro se arguments in a criminal case, *Dale v. State*, 535 N.W.2d 619, 624 (Minn. 1995), or address questions where required in the interests of justice. Minn. R. Crim. P. 28.02, subd. 11.

The interests of justice do not require us to address Ryan's constitutional arguments. Nonetheless, we note that this court has already considered whether the statute's automobile-insurance requirement impedes the right to travel or violates due process rights. *State v. Cuypers*, 559 N.W.2d 435, 436 (Minn. App. 1997). With respect to the right to travel, this court concluded that the statute "merely regulates one mode of transportation" and therefore does not implicate the right to travel. *Id.* at 437. With respect to due process rights, this court concluded that the statute provides sufficient notice and review for aggrieved parties. *Id.* Ryan raises many of the same constitutional arguments considered by this court in *Cuypers*, and to the extent that his arguments differ from those presented in *Cuypers*, his arguments are unpersuasive.

3

We therefore do not consider Ryan's constitutional arguments because they were not presented to the district court. *Roby*, 547 N.W.2d at 357.

## II. The state did not commit a discovery violation by destroying the officer's recording of the stop.

Ryan also argues that the state committed a discovery violation by destroying the officer's recording of the stop. While the state did not address this argument in its brief, it stated at trial, "There is no tape available, Your Honor. They are destroyed after six months. We have no access to it." Ryan argues that the destruction of the tape deprived him of his constitutional rights. We interpret Ryan's argument as raising either an alleged constitutional violation or an alleged violation of discovery obligations under Minn. R. Crim. P. 9.04.

As for an alleged constitutional violation, the U.S. Constitution imposes a duty on the government to deliver exculpatory evidence into "the hands of the accused, thereby protecting the innocent from erroneous conviction." *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532 (1984). When reviewing a destruction-of-evidence claim, we consider "whether the exculpatory value of lost or destroyed evidence was apparent and material before the evidence was destroyed." *State v. Hawkinson*, 829 N.W.2d 367, 372 (Minn. 2013). Absent a showing that the destroyed evidence had apparent and material exculpatory value, we consider whether the potentially useful evidence was destroyed in bad faith. *Id.* In assessing whether evidence was destroyed in bad faith, we consider (1) whether the state had incentives to "hide, suppress, or destroy evidence favorable to a

4

defendant" and (2) whether the state followed normal procedures in destroying the evidence. *Id.* at 374.

Ryan makes no showing that the tape had apparent and material exculpatory value, and therefore we evaluate the tape as potentially useful evidence. First, Ryan does not argue, and we have no reason to suspect, that the state had an improper motive in destroying the evidence. And second, Ryan waited until trial to ask for the officer's recording of the stop, but the tape had already been destroyed by the time of trial. The prosecutor's statement that the tapes are routinely destroyed after six months demonstrates that the state acted in accordance with standard procedure. We therefore conclude no constitutional violation occurred.

As for an alleged discovery violation, the state's discovery obligations are outlined in Minn. R. Crim. P. 9.04. Ryan was charged with a petty misdemeanor for failure to provide proof of insurance. *See* Minn. Stat. § 169.791, subd. 2; Minn. Stat. § 609.131, subd. 1 (2014) (permitting certification of a misdemeanor as a petty misdemeanor). In misdemeanor cases, "all that is required under the rules is that a defendant be allowed to 'inspect the police investigatory reports,' and '[u]pon request, the prosecutor must also disclose any material or information within the prosecutor's possession and control that tends to negate or reduce the guilt of the accused.'" *Hawkinson*, 829 N.W.2d at 378 (quoting Minn. R. Crim. P. 9.04). "Any other discovery must be by consent of the parties or by motion to the court." Minn. R. Crim. P. 9.04.

At trial, the prosecutor provided Ryan with the citation notation, which the district court described as "the only discovery that's available." Again, Ryan waited until trial to

ask for the tape. The prosecutor stated that the state had no access to the tape because it had been destroyed in accordance with standard procedures. The record shows that the prosecutor complied with the requirements of Minn. R. Crim. P. 9.04. We therefore conclude that no discovery violation occurred.

**Affirmed.**