*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0789**

State of Minnesota,
Respondent,

vs.

David William Reynolds,
Appellant.

**Filed February 13, 2017
Affirmed
Smith, Tracy M., Judge**

Otter Tail County District Court
File No. 56-VB-15-4217

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Rolf Nycklemoe, Fergus Falls City Attorney, Kelsee J. Macintosh-Ellig, Assistant City Attorney, Fergus Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Frank Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Smith, Tracy M., Presiding Judge; Johnson, Judge; and

Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**SMITH, TRACY M.**, Judge

        Following a court trial, appellant David William Reynolds was convicted of

misdemeanor driving after suspension of his license.  On appeal, Reynolds challenges the

district court's denial of his requests for peremptory and for-cause removal of the presiding judge under subdivisions 14(3) and 14(4) of the Minnesota Rule of Criminal Procedure 26.03. Reynolds's pro se supplemental brief raises an additional argument challenging the constitutionality of Minnesota's misdemeanor-driving-after-suspension statute. We affirm.

## FACTS

On November 6, 2015, a police officer cited Reynolds for misdemeanor driving after suspension in violation of Minn. Stat. § 171.24, subd. 1 (2014). On February 16, 2016, Reynolds appeared pro se for a court trial in the matter. The district court noted that, at a previous hearing, Reynolds had orally requested the removal of all judges in Otter Tail County but that Reynolds had failed to follow the procedural requirement of filing a written notice of removal of the assigned judge with the district court. Reynolds asserted that he had mailed the court administrator a written request to remove the presiding judge and an additional judge. The district court informed Reynolds that his removal request was not in the case file and that the court administrator was unable to locate any record of receipt. When Reynolds was unable to locate a copy of the document, the court trial began.

After a recess in the trial, Reynolds informed the district court that he had found a copy of his removal request. After reviewing the document, the district court noted that the request, dated January 17, 2016, had not been filed with the district court and that the assigned judge had therefore not been removed. The district court continued with the trial. While Reynolds's written request was not entered into evidence at the trial, the appellate record includes a copy of the document that bears a stamp indicating a filing date of

2

February 16, 2016. The district court found Reynolds guilty and sentenced him to 30 days in jail stayed for one year and a $300 fine.

Reynolds appeals.

## D E C I S I O N

I. **Reynolds has waived appellate review of the denial of peremptory removal under Minn. R. Crim. P. 26.03, subd 14(4).**

Reynolds argues that the district court wrongfully denied peremptory removal of the assigned judge. Under the Minnesota Rules of Criminal Procedure, a party has a peremptory right to remove a judge assigned to preside at trial. Minn. R. Crim. P. 26.03, subd. 14(4). The Minnesota Supreme Court has held that the denial of peremptory removal must be challenged through a petition for a writ of prohibition. *State v. Finch*, 865 N.W.2d 696, 700 (Minn. 2015). "[A] defendant's failure to seek a writ of prohibition constitutes a waiver of further appellate review 'when the issue involves the right of peremptory removal.'" *Hooper v. State*, 838 N.W.2d 775, 789 n.4 (Minn. 2013) (emphasis omitted) (quoting *State v. Dahlin*, 753 N.W.2d 300, 304-05 (Minn. 2008)). Because Reynolds did not seek a writ of prohibition following the denial of peremptory removal of the district court judge, he has waived appellate review on the issue.

II. **The district court's denial of Reynolds's for-cause-removal request under Minn. R. Crim. P. 26.03, subd. 14(3), constituted harmless error.**

Reynolds argues that the district court wrongfully denied his request to remove the assigned judge for cause. In addition to peremptory removal, a party may seek removal of a judge assigned to preside at trial for cause. Minn. R. Crim. P. 26.03, subd. 14(3), provides, "A judge must not preside at a trial or other proceeding if disqualified under the

3

Code of Judicial Conduct." Under the Minnesota Code of Judicial Conduct, "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Minn. Code Jud. Conduct Rule 2.11(A). The code defines "impartiality" as "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." Terminology, Minn. Code Jud. Conduct. The procedure governing for-cause removal is that "[a] request to disqualify a judge for cause must be heard and determined by the chief judge of the district." Minn. R. Crim. P. 26.03, subd. 14(3). "[A] party may seek to disqualify a judge at any point in the proceeding for cause." *Finch*, 865 N.W.2d at 701.

Here, the district court apparently treated the written removal request that Reynolds produced mid-trial as an untimely notice of peremptory removal. But because the written request—regardless of whether it was filed earlier—asked that the district court judge be removed because the judge is "biased and prejudiced" against Reynolds, the request should have been treated as a for-cause removal request. The district court judge thus should have referred the removal request to the chief judge for determination. Because the chief judge of the district did not decide Reynolds's request, the district court erred in depriving Reynolds of his right under Minn. R. Crim. P. 26.03, subd. 14(3). *Id.* at 702.

We review this type of error under a harmless-error analysis because "[t]he [district court's] failure to follow the procedure, by itself, [does] not deprive [a defendant] of a 'basic protection' without which the result [is] fundamentally unfair." *Id.* at 703; *see* Minn. R. Crim. P. 31.01 ("Any error that does not affect substantial rights must be disregarded.").

4

Under the harmless-error analysis, this court must determine whether the district court's error affected Reynolds's substantial right "to a fair hearing before an impartial tribunal with a decision maker who does not appear to favor one side." *Finch*, 865 N.W.2d at 703 (quotation omitted).

A judge is disqualified "if a reasonable examiner, with full knowledge of the facts and circumstances, would question the judge's impartiality." *Id.* (quotation omitted). Here, in his removal request, Reynolds asserted:

> [The district court judge] is biased and prejudiced against me and even when the evidence is so overwhelming as a not guilty sentence, he still is trying to convict me. The same goes for [another district court judge]. These two Judges are to be permanently recused from any interaction on a permanent basis with me. No if's, no ands, no buts. . . . Now don't get the idea that I dislike [the district court judge]—not true—as I rather like the guy—I just don't like his judgment.

Reynolds identified no specific instance of bias or prejudice, and his general assertions do not suggest the district court judge lacked the requisite impartiality to preside in the case. Accordingly, a reasonable examiner, with full knowledge of the facts and circumstances of Reynolds's case, would not have questioned the district court's impartiality.

Because the district court judge was not disqualified from presiding, the district court's failure to properly follow the procedure established in Minn. R. Crim. P. 26.03, subd. 14(3), constituted harmless error.

## III. Reynolds's pro se argument lacks merit.

In his pro se brief, Reynolds presents a constitutional challenge to Minn. Stat. § 171.24, subd. 1, arguing that the statute violates his right to travel. In a constitutional

5

challenge, the interpretation of a statute is a question of law reviewed de novo. *In re Blilie*, 494 N.W.2d 877, 881 (Minn. 1993). The party challenging the constitutionality of the statute has the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn. 1989).

Minnesota recognizes the right to interstate travel, which "is implicated when a statute actually deters such travel, when impeding travel is [a statute's] primary objective, or when [a statute] uses any classification which serves to penalize the exercise of that right." *Mitchell v. Steffen*, 504 N.W.2d 198, 200 (Minn. 1993) (emphasis omitted). In *State v. Cuypers*, this court determined that an analogous statute, the Minnesota No-Fault Automobile Insurance Act, does not implicate the right to travel. 559 N.W.2d 435, 437 (Minn. App. 1997). This court reasoned:

> Although the mandatory insurance law may limit a person's ability to drive a motor vehicle, it does not actually deter appellant's right to travel because driving a motor vehicle represents only one of the many ways to travel. For example, appellant still may travel by bicycle, bus, train, or air. Because this statute merely regulates one mode of transportation, it does not implicate appellant's right to travel.

*Id.* This same analysis applies to Reynolds's arguments against Minnesota's driving-after-suspension statute, which only limits a person's ability to drive a motor vehicle in certain circumstances. Persons unable to drive due to a suspended license remain able to travel by other means. Accordingly, Minn. Stat. § 171.24, subd. 1, does not implicate Reynolds's right to travel, and his assertion to the contrary is without merit.

**Affirmed.**